IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEBRHATO TSEHAI,<br><br>            Plaintiff,<br><br>    vs.<br><br>TERESA A. SCHWARTZ, et al.,<br><br>            Defendants.<br>_____/ | No. CIV S-05-0759 DFL DAD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff is a state prisoner proceeding pro se with a complaint seeking relief under 42 U.S.C. § 1983.  This proceeding has been referred to the undersigned magistrate judge pursuant to Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

    In accordance with the court's June 14, 2005 order, plaintiff filed a properly completed application to proceed in forma pauperis.  Plaintiff's application filed June 24, 2005, makes the showing required by 28 U.S.C. § 1915(a).  The application for leave to proceed in forma pauperis will therefore be granted.

    Plaintiff is required by statute to pay the $250.00 filing fee that was in effect when this action was commenced.  See 28 U.S.C. §§ 1914(a) & 1915(b)(1).  When plaintiff filed this action, he was without funds and had been without funds for six months.  Accordingly, the court will not assess an initial partial filing fee.  See 28 U.S.C. § 1915(b)(1).

1   Plaintiff will be obligated for monthly payments of twenty percent of the
2   preceding month's income credited to his prison trust account.  These payments must be
3   collected and forwarded by the appropriate agency to the Clerk of the Court each time the
4   amount in plaintiff's prison trust account exceeds $10.00, until the filing fee is paid in full.  See
5   28 U.S.C. § 1915(b)(2).
6   The court is required to screen complaints brought by prisoners seeking relief
7   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.
8   § 1915A(a).  The court must dismiss claims that are legally "frivolous or malicious," claims that
9   fail to state a claim upon which relief may be granted, and claims that seek monetary relief from
10  a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).
11  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
17  Cir. 1989); Franklin, 745 F.2d at 1227.
18  A complaint, or a portion thereof, should be dismissed for failure to state a claim
19  upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of
20  facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
21  Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289,
22  1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court accepts as true the
23  allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740
24  (1976).  The court also construes the pleading in the light most favorable to the plaintiff and
25  resolves doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
26  However, the court may disregard allegations in the complaint if they are contradicted by facts

established by exhibits attached to the complaint. <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987). The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of <u>respondeat superior</u> and, therefore, when a named defendant holds a supervisorial position, the causal link between supervisory personnel and the claimed constitutional violation must be specifically alleged. See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).

In the present case, plaintiff has sued three prison officials employed at California Medical Facility: Teresa A. Schwartz, warden; Sterling G. O'Ran, associate warden; and R. Piazza, correctional counselor. Plaintiff's statement of claim against these defendants is as follows:

> I have a learning distabilitys [sic] and I am not geting [sic] the help that I need from CDC because I am should have been in a full time school at CDC but I am not. My GPA is below 4.0 and should

|   |   |
|---|---|
| 1 | have been in a ABE 1 class so I can learn because I have being |
| 2 | having this since I was a kid.  The homework I was geting [sic] was to [sic] hard with out help at the time.  My math and spelling |
| 3 | reading is not that good ok. |

4  Compl. at 3 of 23.  Plaintiff seeks the following relief:

5          I would like the court to help me on my learning distabilitys [sic]
        and for CDC to follow the law under federal constitution and
6          federal law.  This is all facts and would like the court to look at this
        issises [sic] for Mr. Tsehai and is asking for $4 million dollars
7          from CDC.  "Thank you."

8  Id.

9          Attached to plaintiff's complaint is an ADA request for reasonable modification

10  or accommodation dated February 2, 2005.  In this document, plaintiff states that he has a

11  learning disability with a GPA of 2.0, that the CDC is aware of his learning disability, and that he

12  does not know what modification or accommodation is requested but he needs help.  After an

13  interview conducted on February 15, 2005, V. Kahle noted on the ADA request form that

14  plaintiff said he needed more assistance with his reading assignments and complained that he had

15  been unassigned from the education program.  Mr. Kahle found that plaintiff had a high absentee

16  rate of unexcused absences from school and observed that plaintiff "removes himself from the

17  help he says he needs."  Mr. Kahle nevertheless partially granted plaintiff's request for

18  modification or accommodation.

19          Plaintiff was dissatisfied with Mr. Kahle's conclusions and filed an inmate appeal

20  dated February 27, 2005.  In this document, plaintiff asserts that he was absent from school

21  because an officer took his school card and states that he needed help with his homework and did

22  not get enough help.  Plaintiff requested assignment to full time school and placement in an ABE

23  1 class.  At the first level of appeal, defendant O'Ran advised plaintiff that he had not been

24  dropped from school.  Defendant O'Ran found that plaintiff's teacher had ducated him to come

25  to class every Monday and that plaintiff had unexcused absences from two classes in October

26  2004, two classes in November 2004, one class in December 2004, and six classes in January

1  2005.  Plaintiff had received six CDC 128A counseling chronos and one CDC 115 disciplinary
2  report for failure or refusal to report to his school assignment.  Plaintiff's teacher provided
3  defendant O'Ran with evidence that plaintiff's reading score was 3.2 rather than 2.0, as plaintiff
4  had claimed.  Defendant O'Ran determined that the teacher was aware of plaintiff's needs and
5  was willing to help plaintiff if he would come to class.  Defendant O'Ran partially granted
6  plaintiff's inmate appeal.

7  Plaintiff was dissatisfied with defendant O'Ran's response and pursued his appeal
8  to the second level.  Warden Schwartz considered plaintiff's request for placement in full-time
9  school and partially granted his appeal, stating that plaintiff may receive help with his education
10  but must attend class.  Defendant Schwartz concluded that, upon resolution of plaintiff's
11  placement in administrative segregation, the institution "will attempt to assist the Appellant by
12  educational assignment again."

13  Plaintiff subsequently filed an appeal seeking release from administrative
14  segregation.  This appeal reveals that plaintiff was placed in administrative segregation on an
15  allegation of stalking defendant Piazza after she rejected one of plaintiff's inmate appeals without
16  providing plaintiff with an explanation that satisfied him.

17  The court finds that the facts alleged by plaintiff are contradicted by the exhibits
18  attached to his complaint.  The exhibits do not support plaintiff's allegation that the CDC has
19  refused to help him or his allegation that the defendants have failed to follow the law.  Instead,
20  the exhibits show that plaintiff failed to attend school regularly, failed to take advantage of help
21  that was offered, and was not in a school program when he filed this action because he engaged
22  in conduct that resulted in his placement in administrative segregation.  The exhibits suggest that
23  plaintiff would not attend school full time if he were placed in a full time program.

24  After careful consideration of plaintiff's entire complaint, including all of the
25  exhibits, the undersigned finds that plaintiff has failed to state a federal claim upon which relief
26  can be granted.  Plaintiff has not demonstrated that he is entitled to injunctive relief or damages.

1  For these reasons, plaintiff's complaint should be dismissed.  It is evident from plaintiff's own
2  exhibits that he cannot cure the defects of his complaint.
3           Accordingly, IT IS HEREBY ORDERED that:
4           1. Plaintiff's June 24, 2005 application to proceed in forma pauperis is granted;
5           2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.
6  The fee shall be collected and paid in accordance with this court's order to the Director of the
7  California Department of Corrections and Rehabilitation filed concurrently herewith; and
8           IT IS RECOMMENDED that this action be dismissed with prejudice for failure to
9  state a claim upon which relief may be granted.
10          These findings and recommendations are submitted to the United States District
11 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
12 days after being served with these findings and recommendations, plaintiff may file written
13 objections with the court.  A document containing objections should be titled "Objections to
14 Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
15 objections within the specified time may, under certain circumstances, waive the right to appeal
16 the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
17 DATED: May 30, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

21 DAD:13
tseh0759.56a